COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EDUARDO SALAS, | § | |
| | | No. 08-08-00004-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 205th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20070D00507) |
| | § | |

**MEMORANDUM  OPINION**

Eduardo Salas attempts to appeal his conviction for aggravated assault with a deadly weapon.  Finding that Appellant has not complied with Rule 25.2 of the Texas Rules of Appellate Procedure, we dismiss the appeal.

Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case and requires that the trial court enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order.  TEX.R.APP.P. 25.2(a)(2).  Likewise, Rule 25.2(d) requires that the trial court certify whether the defendant has a right of appeal under Rule 25.2(a)(2).  TEX.R.APP.P. 25.2(d).  An appellate court is required to dismiss an appeal if a certification that shows the defendant's right to appeal has not been made part of the appellate record.  *See* TEX.R.APP.P. 25.2(d).

Appellant filed a timely notice of appeal, but the notice did not include the trial court's certification of the defendant's right to appeal as required by Rules 25.2(a)(2) and 25.2(d).  By

letter dated January 9, 2008, the clerk of this Court notified Appellant that a certification had not been filed and informed Appellant of the Court's intent to dismiss the appeal pursuant to Rule 25.2(d), if the certification was not received within thirty days.  Appellant has not complied with the clerk's request.  Accordingly, the appeal is dismissed.


May 15, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)